UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO.:

SEABEEDEE LLC,

    Plaintiff,

vs.

M/Y GAGAGRIS, a 2002 108' Mangusta motor yacht, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., *in rem*,

    Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, SEABEEDEE LLC, files this Verified Complaint in admiralty against Defendant, M/Y GAGAGRIS, a 2002 108' Mangusta motor yacht, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc. (hereinafter referred to as, "M/Y GAGAGRIS"), *in rem*, and allege as follows:

1. This is a cause of action involving a April 23, 2022 allision between M/Y GAGAGRIS and M/Y RYLAX, a 2012 116' Azimut Benetti motor yacht, Cayman Islands registered, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc. (hereinafter referred to as, "M/Y RYLAX") at Bill Bird Marina, 10800 Collins Avenue, Miami, Florida ("the incident").

## THE PARTIES

2. The Plaintiff, SEABEEDEE LLC is and was, at all times material hereto, a Florida limited liability company.

3. SEABEEDEE LLC was the owner of the M/Y RYLAX at the time of the incident and at all times material hereto.

4. Defendant, M/Y GAGAGRIS, is a 2002 108' Mangusta motor yacht.

## JURISDICTION AND VENUE

5. The causes of action brought herein are *in rem* actions against M/Y GAGAGRIS, brought within the admiralty and maritime jurisdiction of this Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Admiralty Rule C(1)(a), and further pursuant to 28 U.S.C. § 1333(1) and 46 U.S.C. §§ 30101, 31301(5) as a maritime tort case of damage to property caused by a vessel during the operation and navigation of the vessel. *See Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 539, 115 S. Ct. 1043, 1051 (1995); *The City of Panama*, 101 U.S. 453, 462, 25 L. Ed. 1061 (1880); *In re Craddock*, No. 15-10462-E, 2015 U.S. App. LEXIS 8450, at *4 (11th Cir. Mar. 25, 2015); *Merchs. Nat'l Bank v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345 (5th Cir. 1981).

6. The damage to the M/Y RYLAX caused by actions of the M/Y GAGAGRIS creates a maritime lien under the substantive laws of the Flag State where the allision occurred.

7. The M/Y GAGAGRIS is presently located within the Court's jurisdiction and territorial boundaries in the Southern District of Florida.

8. Because the M/Y GAGAGRIS is presently within the navigable waters of this judicial district and within the jurisdiction and venue of this Honorable Court, Plaintiff has the legal right to arrest, attach, or otherwise restrain M/Y GAGAGRIS and assert *in rem* jurisdiction over the M/Y GAGAGRIS as security for the damages sustained.

9. This Court has proper subject matter jurisdiction to hear this case.

10. This Court has proper personal jurisdiction over the defendants.

11. Venue for this civil action is proper in the Southern District of Florida.

12. All conditions precedent to bringing this case have been satisfied, waived or excused.

## GENERAL FACTS AND ALLEGATIONS

13. On or about April 23, 2022, the M/Y GAGAGRIS allided with the port side of M/Y RYLAX while she was docked at Bill Bird Marina, 10800 Collins Avenue, Miami, Florida.

14. The weather and visibility were good and the sea conditions were calm at the time and location of the incident.

15. At the time of the incident, the M/Y GAGAGRIS was operated in an unsafe manner and at an unsafe speed, with the operator failing to adhere to the standard of care for the

operator of a power yacht such as M/Y GAGAGRIS, and in violation of local vessel traffic laws, rules and regulations, directly and proximately resulting in the allision of the vessel with M/Y RYLAX and the resulting damage to M/Y RYLAX.

16. M/Y GAGAGRIS is liable *in rem* for damages caused by the negligence of its owner and operator.

17. As a direct and proximate result of the incident and the negligence of M/Y GAGAGRIS through its owner and operator, the M/Y RYLAX and its owner SEABEEDEE LLC has incurred and is entitled to recover consequential, compensatory, and incidental damages which will be shown with specificity at trial, and which are presently estimated to be $950,000.00 for the cost to repair the physical damage to M/Y RYLAX, yard fees for M/Y RYLAX, lost revenue for M/Y RYLAX, and crew salaries; plus *custodia legis* fees, pre and post-judgment interest, and costs.

18. Plaintiff, SEABEEDEE LLC has a maritime tort lien against M/Y GAGAGRIS *in rem* for damages caused by the Vessel through the negligence of its owner and operator and is entitled to bring this action to enforce and foreclose upon its lien. 46 U.S.C. § 31301(5).

19. This action is brought solely *in rem* against the offending vessel as security for the damages incurred.

## COUNT I:  CLAIM FOR NEGLIGENCE BY SEABEEDEE LLC AGAINST THE M/Y GAGAGRIS, *in rem*

20. Plaintiff, SEABEEDEE LLC reaffirms and re-alleges paragraph numbers 1 through 19 as though fully incorporated herein, and further alleges:

21. The M/Y GAGAGRIS owed SEABEEDEE LLC as owner of M/Y RYLAX, the legal duty of reasonable care under the circumstances.

22. The legal duty owed to SEABEEDEE LLC was breached by M/Y GAGAGRIS, through the actions of its owner and operator by:

    a. Failing to operate the M/Y GAGAGRIS in a reasonably safe and prudent manner under the circumstances leading up to and at the moment M/Y GAGAGRIS allided with M/Y RYLAX;

    b. Operating the M/Y GAGAGRIS under the influence of drugs and/ or alcohol;

c.  Failing to make needed speed and course adjustments on approach to M/Y RYLAX prior to the incident;

d.  Failing to operate M/Y GAGAGRIS at a reasonable and safe distance from M/Y RYLAX prior to and at the time of the incident; and

e.  Alliding with the M/Y RYLAX, which was docked at the time of impact.

23. The aforementioned negligence of M/Y GAGAGRIS was the direct and sole proximate cause of the April 23, 2022 allision of M/Y GAGAGRIS into M/Y RYLAX and the resulting physical damage to M/Y RYLAX.

24. As a direct and proximate result of the negligence of M/Y GAGAGRIS, Plaintiff, SEABEEDEE LLC, has incurred and is entitled to recover actual, consequential, compensatory, and incidental damages which will be shown with specificity at trial, and which are presently estimated to be $950,000.00 for the cost to repair the physical damage to M/Y RYLAX, yard fees for M/Y RYLAX, lost revenue for M/Y RYLAX, and crew salaries; plus *custodia legis* fees, pre and post-judgment interest, and costs.

25. Plaintiff, SEABEEDEE LLC therefore has a lien against the vessel, M/Y GAGAGRIS, for Plaintiff's actual, consequential, compensatory, and incidental damages resulting from the negligence of M/Y GAGAGRIS through its owner and operator, plus costs, *custodia legis* fees, and pre and post-judgment interest, and is entitled to a judgment against the vessel, M/Y GAGAGRIS for such damages, and to foreclose on the lien and to have the vessel condemned and sold to satisfy its lien and all other sums owed.

**WHEREFORE**, Plaintiff, SEABEEDEE LLC respectfully requests the Court:

a.  Issue a warrant for the arrest of Defendant vessel, M/Y GAGAGRIS, citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b.  Order that Plaintiff has a maritime lien upon the M/Y GAGAGRIS for its full actual, consequential, compensatory, and incidental damages resulting from the negligence of M/Y GAGAGRIS through its owner and operator, plus costs, *custodia legis* fees, and pre and post-judgment interest for the maritime tort as described herein and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

Verified Complaint
SEABEEDEE LLC v. M/Y GAGAGRIS
Page 4 of 6

  c. Enter judgment for Plaintiff, *in rem*, for its actual, consequential, compensatory, and incidental damages resulting from the negligence of M/Y GAGAGRIS through its owner and operator, plus costs, *custodia legis* fees, and pre and post-judgment interest;

  d. Order that M/Y GAGAGRIS be condemned and sold to pay said judgment and all other such sums owed;

  e. Order that Plaintiff be permitted to bid its judgment against the M/Y GAGAGRIS at a U.S. Marshal's sale; and

  f. Grant such other relief as deemed just and proper under the circumstances.

Dated this 15th day of June, 2022.

    Respectfully Submitted,

    FERTIG AND GRAMLING
    200 Southeast 13th Street
    Fort Lauderdale, FL 33316
    Phone:  (954) 763-5020
    Fax: (954) 763-5412
    *Attorneys for Plaintiff, SEABEEDEE LLC*

    By:  /s Christopher R. Fertig
    CHRISTOPHER R. FERTIG, ESQ.
    Florida Bar No.: 218421
    Email: crf@fertig.com

    and

    By:  /s Alexander P. Koffler
    ALEXANDER P. KOFFLER, ESQ.
    Florida Bar No.: 41301
    Email: apk@fertig.com

## VERIFICATION PURSUANT TO LOCAL ADMIRALTY RULE A(5)

I verify under penalty of perjury of the laws of the United States of America, that:

1. I am an authorized representative of Plaintiff, SEABEEDEE LLC, and as such have the authority to execute this Verification;
2. I have read the foregoing Verified Complaint and know the contents thereof and the same are true and correct of my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, I believe them to be true and correct.

Dated this  15  day of June, 2022.

                                                                                          _____
                                                                                          Signature

                                                                                          Vladislav Yampolsky       
                                                                                          Printed Name

                                                                                          Manager                        
                                                                                          Title, SEABEEDEE LLC